[L. A. No. 5604.   Department One.—November 14, 1918.]

In the Matter of the Estate of HESTER W. DEXTER, Deceased.

ESTATE OF DECEASED PERSON — HOLOGRAPHIC WILL — INSTRUMENT CONSTITUTING.—A writing in the form of an addendum written upon a sheet of paper, upon which the deceased had written a letter, referring to matters of family interest and the fact that she was about to go on a visit for some length of time, as follows:

"Woodland, May 9th, 1904.

"I have stated to you before that I wish you to administer on my estate, when it has to be. So will put it in writing. Distributed equally among my nieces and nephews. You receive your pay besides out of the estate.

"Your aunt, MRS. H. W. DEXTER.

"to

"Charles H. Wright."

—constituted a holographic will of the writer, and appointed the one addressed as executor thereof.

APPEAL from an order of the Superior Court of San Diego County admitting a will to probate. S. M. Marsh, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hurst & Hurst, and Haines & Haines, for Appellant.

Grant & Bailey, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—This is an appeal from an order of court admitting a certain document to probate as the last will and testament of Hester W. Dexter.

It appears that Thomas J. Dexter died intestate, leaving as the surviving widow of his second marriage, Hester W. Dexter, and a community estate, one-half of which went to said widow; hence, under the provisions of section 1386 of the Civil Code, contestant and her sisters, children of Thomas W. Dexter, deceased, by a former marriage, would, in the absence of testamentary disposition thereof made by Hester W. Dexter, deceased, who left no issue, be entitled thereto.

The document admitted to probate as a will was as follows:

"Woodland, May 9th, 1904.

"I have stated to you before that I wish you to administer on my estate, when it has to be. So will put it in writing. Distributed equally among my nieces and nephews. You receive your pay besides out of the estate.

"Your aunt, Mrs. H. W. DEXTER,

"to

"Charles H. Wright."

This writing was in the form of an addendum written upon a sheet of paper upon which Mrs. Dexter had, on May 8, 1904, written a letter addressed, "Dear Charley and Mabel," in which, after referring to matters of family interest and the fact that she was about to go on a visit for some length of time, she said:

"My valuables are in a box in bank, which I enclose an order for you to get if anything happens to me while I am away. Mrs. Coil will notify you. If any advice. Hurst & Hurst lawyers here.

"Keep this all enclosed. Don't want the Public Administrator to handle my effects, he will unless a relative in the state.

"Love to both.

"Truly HESTER W. DEXTER.

"Hope to come and see you on my return. All is in the box except a bank book I take with me of a deposit in San Francisco Savings Union $500."

The question for determination is, what was the intention of deceased in giving expression to the language employed in the instrument, and this should be ascertained by a considera-

tion of the whole document in the light of the circumstances under which it was written. Thus considered, it appears quite evident that the document formally addressed "To Charles H. Wright" was prepared in view of her possible death, and intended by her not only as a testamentary disposition of her property to her nephews and nieces, but also directed that he act as executor thereof. The wish theretofore expressed that he should administer upon her estate "when it had to be," she put in writing in the form of a holographic will and therein directed the distribution of her estate. It is evident that the word "distributed," notwithstanding the past tense of the verb, is meant, "to be distributed," and could have reference to no subject for distribution other than her estate, to obtain possession of which she stated in her letter: "I enclose an order for you to get if anything happens to me while I am away." That she understood the importance and character of the writing is apparent from the fact that in the letter of transmittal she impressed upon Wright the importance of keeping it in some safe depository.

In our opinion the document must, as deemed by the trial court, be regarded as the last will and testament of deceased.

The order is affirmed.

Richards, J., *pro tem.*, and Sloss, J., concurred.